UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
IN RE:

EARL RASHEED DAVIS,                                                     Chapter 11

                           Debtor.                                   Case No. 18-40766 (cec)
-----------------------------------------------------------------------X
EARL RASHEED DAVIS and JCR PARTNERS, LLC,

                           Plaintiffs,                              Adv. Proc. No. 19-01108-cec

      -against-

LAKISHA HAWTHORNE, ELAINE BROWN, and
NEW YORK CITY HOUSING AUTHORITY,

                           Defendants.
-----------------------------------------------------------------------X

**PLAINTIFFS' OBJECTION TO DEFENDANT HAWTHORNE'S "OPPOSITION MEMORANDUM OF LAW" SEEKING TO VACATE PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)**

Plaintiffs Earl Rasheed Davis and JCR Partners, LLC, object to Defendant Lakisha Hawthorne's ("Hawthorne") "Amended Opposition Memorandum of Law" ("AMOL") (**DE # 26**) on the grounds: (1) this adversary proceeding was dismissed without prejudice January 25, 2020, automatically upon the filing on that date of Plaintiffs' Notice of Voluntary Dismissal Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7041, (**DE # 23**); and (2) even assuming *arguendo*, the some basis exists for vacatur the Notice, a motion upon notice and opportunity to be heard was required.

Not surprisingly, Hawthorne has neglected to cite any support for the proposition that arguments raised in a memorandum of law are the equivalent of a properly filed motion. In any event, Rule 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

1

Here, Defendant Hawthorne has not filed an answer to the Plaintiffs' complaint, nor has she filed a motion for summary judgment. "In such a case, the plain text of the rule provides that dismissal 'is without prejudice,' and affords no discretion in this respect to the district court." *Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 823-824 (2d Cir. 2014); *see also JetBlue Airways Corp. v. CopyTele Inc.*, 629 Fed. Appx. 44, 45-46 (2d Cir. 2015).

Nor did Hawthorne's filing of her Rule 12(b)(6) motion to dismiss affect Plaintiffs' unilateral right to a Rule 41(a)(1)(A)(1) dismissal. *Kilpatrick v. Texas & P.R. Co.*, 166 F.2d 788, 792 (2d Cir. 1948); *Frank v. Trilegiant Corp.*, 2012 U.S. Dist. LEXIS 8246, *6-7 (E.D.N.Y. Jan. 24, 2012); *Arndt v. UBS AG*, 342 F. Supp. 2d 132, 136 (E.D.N.Y. 2004); *Activox v. Envirotech Corp.*, 85 F.R.D. 132, 133-134 (S.D.N.Y. 1980); *see also Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993).

Applying Rule 41(a)(1)(A)(i), as written, has evidently caused Defendant Hawthorne and her counsel great frustration. However, any wounds were self-inflicted, since all that was required of Hawthorne to extinguish Plaintiffs' unilateral right to voluntarily dismiss this adversary was the diligence attendant to filing an answer or motion for summary judgment.

Since the requirements of Rule 41(a)(1)(A)(i) have been met, the adversary was automatically dismissed without prejudice on January 25, 2020 and Hawthorne's motion to dismiss thereby mooted. Accordingly, Hawthorne's recent submission of the AMOL was without authority.

Dated: February 5, 2020

                                                    **GORDON & HAFFNER, LLP**
*Attorneys for Plaintiffs*

By: <u>*Steven R. Haffner, Esq.*</u>
     Steven R. Haffner, Esq.
     480 Mamaroneck Avenue
     Harrison, New York 10528
     (718) 631-5678